No. 25-1847

# IN THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

**STEPHANIE SCHOLL ET AL.,**
*Plaintiffs-Appellants,*

v.

**ILLINOIS STATE POLICE ET AL.,**
*Defendants-Appellees.*

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
CIVIL NO. 1:24-CV-04435

# UNITED STATES' MOTION FOR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF DEFENDANTS-APPELLEES

STANLEY E. WOODWARD, JR.
Associate Attorney General

MICHAEL WEISBUCH
Senior Counsel
Department of Justice
Office of the Associate Attorney
  General
950 Pennsylvania Ave.,
Washington, D.C. 20530
(202) 322-2450
Michael.Weisbuch@usdoj.gov

*Attorneys for Amicus Curiae the
United States*

Pursuant to Rule 29 of the Federal Rules of Appellate Procedure, the United States moves for leave to file an amicus brief in support of Defendants-Appellees. Counsel for Defendants-Appellees takes no position on this motion, and counsel for Plaintiffs-Appellants does not oppose if in granting the motion the Court provides an opportunity to respond to any issues raised in the amicus brief.

The United States seeks to offer its perspective on the importance and legality of the collection, retention, and use of Automatic License Plate Reader (ALPR) data—and to ensure that federal, state, and local law enforcement agencies continue to have the choice to employ ALPR to protect their communities.

Under Rule 29 of the Federal Rules of Appellate Procedure, the United States could have filed an amicus brief without seeking leave of court no later than 7 days after the principal brief of Defendants-Appellees was filed. Fed. R. App. P. 29(a)(2), (6). The United States understands that time has long since passed, and briefing concluded in March. The Court may nevertheless "grant leave for later filing, specifying the time within which an opposing party may answer." Fed. R. App. P. 29(a)(6).

The United States respectfully requests that the Court do so here. The filing of an amicus brief is proper when the brief "will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs." *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003). "The criterion is more likely to be satisfied in a case in which a party is inadequately represented; or in which the would-be amicus has a direct interest in another case that may be materially affected by a decision in this case; or in which the amicus has a unique perspective or specific information that can assist the court beyond what the parties can provide." *Id.*

The United States satisfies all those potential grounds for allowing the filing of an amicus brief. Because the United States is responsible for enforcing federal criminal law across the country, and works with state and local law enforcement agencies to do so, the United States has a unique federal perspective (informed by the views of the Department's various components) that cannot be found in the parties' briefs and is not adequately represented by the parties. The United States is also litigating the question whether the use of ALPR systems violates the Fourth Amendment in criminal cases across the country that could be

2

impacted by a decision in this case.  For those and other reasons, the United States has filed amicus briefs in similar civil appeals currently pending before the Fourth and Eleventh Circuits.  *See Schmidt et al. v. City of Norfolk et. al.* (4th Cir. 26-1227); *Schemel et al. v. City of Marco Island Florida* (11th Cir. 25-13913).  More broadly, the United States is litigating a variety of Fourth Amendment issues before the courts of appeals and the Supreme Court.  The United States thus has a strong grasp of the legal issues presented and their practical implications.

The United States understands that leave to participate as amicus at this stage is the exception, not the rule.  In the Fourth and Eleventh Circuit appeals, separate counsel notified the United States, prompting its participation.  Here, the United States did not receive outreach from counsel and unfortunately became aware of this appeal only recently. At that point, counsel for the United States worked diligently to confer with the parties, obtain the necessary internal approvals, and prepare this motion and the attached proposed amicus brief—including by addressing the Supreme Court's decision in *Chatrie v. United States*, 609 U.S. ---, 2026 WL 1855568 (U.S. June 29, 2026).

The specific circumstances of this appeal also favor granting the United States leave to file an amicus brief. An oral argument date has not been set, counsel for Defendants-Appellees has requested that the Court delay oral argument until after August 28, 2026, and Rule 29(a)(6) contemplates that the court should give Plaintiffs-Appellants an opportunity to answer the United States' brief. There is thus little if any prejudice to the parties. That is presumably why the parties have not opposed this motion (assuming Defendants-Appellees receive an opportunity to respond).

The United States thus requests that this Court grant leave to file the attached amicus brief given the United States' strong interest and expertise in the subject matter.

Respectfully submitted,

STANLEY E. WOODWARD, JR.
Associate Attorney General


*s/ Michael Weisbuch*
MICHAEL WEISBUCH
Senior Counsel
Department of Justice
Office of the Associate Attorney
    General
950 Pennsylvania Ave.,
Washington, D.C. 20530
(202) 322-2450
Michael.Weisbuch@usdoj.gov

*Attorneys for Movant the United
States*

**Certificate of Compliance**

This motion complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it was prepared in Century Schoolbook, 14-point font. This motion complies with the type-volume limit set forth in Rule 27(d)(2)(A) because it contains 739 words.

s/ *Michael Weisbuch*

MICHAEL WEISBUCH
Senior Counsel

**Certificate of Service**

I certify that on June 30, 2026, I electronically filed the foregoing brief with the clerk of the Court by using the CM/ECF system, which will send notification of filing to all counsel of record.

s/ *Michael Weisbuch*

MICHAEL WEISBUCH
Senior Counsel